

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00442-CR

———————————————

ANDREA MICHELLE COLLARD, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from County Criminal Court No. 7
Tarrant County, Texas
Trial Court No. 1881203

---

Before Kerr, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

A jury convicted Andrea Michelle Collard of one Class B misdemeanor count of criminal trespass, *see* Tex. Penal Code § 30.05, and the trial court assessed her punishment at ninety days' confinement, *see id.* § 12.22. The trial court suspended imposition of the sentence and placed Collard on eighteen months' community supervision. S*ee* Tex. Code Crim. Proc. art. 42A.053.

### II. BACKGROUND

Appellant's court-appointed appellate attorney[1] has filed a motion to withdraw as counsel and a brief in support of that motion, representing that there are no reversible, non-frivolous issues to be raised in this appeal. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders*, which requires presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for appellate relief. *Id.*, 87 S. Ct. at 1400; *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim App. 2008) (orig. proceeding). Appellant's counsel provided her with a copy of the *Anders* brief and motion to withdraw, notified Appellant of her right to file a pro se response in this

---

[1]Two attorneys, Kevin C. Smith and Obinna Okeke, are signatories to Collard's appellate brief; both have moved to withdraw. However, only Smith was appointed by the trial court, and Smith was the only signatory to the notice of appearance filed in this case.

court and to file a petition for discretionary review in the Court of Criminal Appeals should this court agree that the appeal is frivolous, and provided her with a form motion to access the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Appellant has neither requested a copy of the record from this court nor filed a response. The State filed a letter stating that it agreed with Appellant's counsel that there are no reversible, non-frivolous appellate issues and that it would not reply to the *Anders* brief.

### III. DISCUSSION

After an appellant's court-appointed counsel both files a motion to withdraw on the ground that an appeal is frivolous and fulfills the *Anders* requirements, we must independently examine the record for any arguable ground for reversal that may be raised on her behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have fulfilled our duty to independently examine the record. After reviewing the appellate record and the *Anders* brief, we have determined that—but for one minor, non-reversible error in the judgment—the appeal is wholly frivolous and without merit.

We delete from the judgment $7 of "Reimbursement Fees" assessed without reference to a statutory basis. Chapter 102 of the Texas Code of Criminal Procedure governs costs to be paid by convicted defendants. *See* Tex. Code Crim. Proc. arts. 102.001–.073. Only statutorily authorized costs may be assessed against a criminal

defendant. *See id.* art. 103.002 ("An officer may not impose a cost for a service not performed or for a service for which a cost is not expressly provided by law."). Because the record contains no bill of costs and assesses the reimbursement fee without a statutory basis, we delete it from the judgment. *See Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014).

Aside from this minor correction, our independent review reveals nothing that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We grant counsel's motion to withdraw.

## IV. CONCLUSION

We modify the trial court's judgment to delete the $7 reimbursement fee and affirm the judgment as modified.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 9, 2026

4